```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
PARIMAL                       :      Civ. No. 3:19CV01910(MPS)
                              :
v.                            :
                              :
MANITEX INTERNATIONAL, INC.   :      November 13, 2020
                              :
------------------------------x
```

## RULING RE: RULE 30(b)(6) TOPICS FOR EXAMINATION

Judge Michael P. Shea referred this matter to the undersigned to resolve several discovery disputes, including one related to the Rule 30(b)(6) deposition of defendant Manitex International, Inc. ("Manitex" or "defendant"). See Docs. #38, #40. On October 30, 2020, the undersigned held a telephonic discovery conference. See Docs. #65, #66. During that conference, plaintiff Parimal ("Parimal" or "plaintiff") "orally moved to compel the deposition of a proper Manitex corporate designee, at Defendant's cost[.]" Doc. #65 at 4 (citation and quotation marks omitted); see also Docs. #61, #66. The Court granted plaintiff's motion to compel and ordered counsel to "meet and confer in an attempt to agree upon particularly stated topics for examination." Doc. #65 at 5. The Court ordered that if after that meet and confer, counsel were unable to agree, counsel were to file a joint notice attaching each party's proposed examination topics. See Doc. #65 at 5. On November 6,

1

2020, each party filed a separate Notice Regarding 30(b)(6) Examination Topics, having been unable or unwilling to agree even to the substance of a joint notice. See Docs. #70, #71.

The Court has reviewed the parties' proposed topics for examination, including defendant's objections to plaintiff's proposed topics. For the reasons that follow, defendant's objections to plaintiff's proposed topics for examination [**Docs. #70-1, #71-1**] are **SUSTAINED, in part**.

A. **Background**

Plaintiff brings this action against his former employer Manitex, alleging that Manitex failed to fulfill certain contractual commitments related to the terms of plaintiff's employment. See generally Doc. #23. Plaintiff proceeds pursuant to an Amended Complaint, which asserts the following claims: (1) breach of contract; (2) promissory estoppel; (3) breach of the implied covenant of good faith and fair dealing; (4) fraudulent misrepresentation; (5) negligent misrepresentation; (6) wrongful termination; (7) violation of the Connecticut Unfair Trade Practices Act. See generally id.

Defendant has filed a motion to dismiss counts two, three, six, and seven of the Amended Complaint, which is pending before Judge Shea. See Doc. #25. Judge Shea has stayed discovery on count six of the Amended Complaint (wrongful termination), pending the adjudication of the motion to dismiss. See Doc. #17.

2

All remaining fact discovery is scheduled to close on March 1, 2021. See Doc. #69.

**B.     Legal Standard**

Rule 30(b)(6) provides, in pertinent part: "In its notice or subpoena, a party may name as the deponent a public or private corporation[] ... and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The Court must evaluate 'reasonable particularity' based on the nature of the topics listed in the deposition [notice]. 'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries." Winfield v. City of New York, No. 15CV05236(LTS)(KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018). "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought." Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002).

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26 of the Federal Rules of Civil Procedure." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72 (D. Conn. 2010); see also BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No. 14CV10067(KPF)(SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21,

3

2017) ("A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." (citation and quotation marks omitted)). Accordingly, "[t]he deposition topics must be relevant to any party's claim or defense[,] ... should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Bigsby v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (citations and quotation marks omitted); see also Fed. R. Civ. P. 26(b)(1).

**C.   Discussion**

Plaintiff has proposed eleven topics for examination. See Docs. #70-1 at 3-4, #71 at 1-2, #71-1 at 2-3. Defendant has objected to the majority of the proposed topics, and has instead proposed five topics for examination. See Docs. #71 at 3, #71-1 at 2-3. In light of the foregoing authority, and upon review the parties' proposed topics and defendant's objections, the Court hereby rules as follows.

The Court SUSTAINS defendant's objections to plaintiff's proposed topics 1, 2, and 3[1] on the grounds that the information sought in those topics is not relevant to the parties' claims

---

[1] Plaintiff does not number his proposed topics. The numbers referenced by the Court correspond to the order in which plaintiff's proposed topics appear in document number 70-1; see also Doc. #71 at 1-2.

and/or defenses. See Docs. #70-1 at 3, #71-1 at 2. These topics seek discovery on discovery. "Where, as here, a party seeks discovery on discovery, that party must provide an adequate factual basis to justify the discovery, and the Court must closely scrutinize the request in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." Kaye v. New York City Health & Hosps. Corp., No. 18CV12137(JPO)(JLC), 2020 WL 283702, at *1 (S.D.N.Y. Jan. 21, 2020). The record before the Court does not establish that defendant has failed to provide adequate written discovery responses. The issue was last raised in July of 2020, has not been further pursued, and at this time appears to be closed. See Docs. #32, #33, #35.

The Court SUSTAINS defendant's objection to plaintiff's proposed topic 4 on the ground that it is overbroad. See Docs. #70-1 at 3, #71-1 at 2. The Court approves defendant's proposed substitute topic as set forth in its Notice. See Doc. #71 at 3 (defendant's proposed topic 1).

Plaintiff's proposed topic 5 seeks the designation of a witness to testify regarding: "Defendant's creation, distribution and enforcement of any document retention memorandum regarding retention of documents pertaining to Parimal in any way[.]" Docs. #70-1 at 3, #71-1 at 2. Defendant "objects to this topic as it is not relevant to the claims in

this matter and because information regarding the creation and drafting of the legal hold memo is protected by the attorney-client privilege and the work product doctrine." Id. The Court SUSTAINS defendant's objection, in part. As currently framed, questioning encompassing proposed topic 5 poses a real possibility of invading the attorney-client privilege and/or work product doctrine. Nevertheless, and notwithstanding defendant's objection on the grounds of relevance,[2] the Court will instead permit the following topic for examination: For the Relevant Period, the distribution and enforcement of any document retention policies identified in response to topic 1, pertaining to Parimal in any way.[3]

The Court SUSTAINS defendant's objection to plaintiff's proposed topic 6 on the ground that it seeks information that is not relevant to any claim or defense. See Docs. #70-1 at 3, #71-1 at 2. Additionally, the Court has already addressed the issue of the interrogatory verification. See Doc. #65 at 5-6. This proposed topic appears to be nothing more than an improper attempt to circumvent the undersigned's ruling on this issue.

---

[2] Because defendant has agreed to a topic which encompasses its document retention policies, see Doc. #71 at 3, plaintiff may inquire as to the distribution and enforcement of those policies "pertaining to Parimal in any way." Doc. #70-1 at 3.

[3] Plaintiff's proposed topic 4 will be topic 1 in the re-noticed deposition. The entire list of approved topics is set forth below.

Plaintiff's proposed topic 7 seeks the designation of a witness to testify regarding: "The existence, identification, location and maintenance of any and all policies, written or oral, related to the reimbursement of employee expenses or bonus compensation for Manitex employees[.]" Docs. #70-1 at 3, #71-1 at 2. Defendant responds:

> Regarding the existence of written policies for reimbursement of employee expenses, Manitex has already provided this information in its interrogatory responses. However, Manitex agrees to this topic as follows: With respect to the Relevant Period, Manitex's policy for reimbursement of employee travel and entertainment expenses and relocation expenses; the terms of the Manitex's 2018 bonus policy.

Doc. #71-1 at 3 (sic); see also Doc. #71 at 3 (defendant's proposed topic 2). The Court modifies the parties' proposed topic for examination as follows: For the Relevant Period, Manitex's policies, written or oral, related to the reimbursement of employee expenses or bonus compensation for Manitex employees.

Plaintiff's proposed topic 8 seeks the designation of a witness to testify regarding: "The policies and practices of Defendant, whether written or oral, as they pertain to the creation, maintenance, organization or contents of an employee's human resources file[.]" Docs. #70-1 at 3, #71-1 at 2. Defendant modifies and "agrees to this topic as follows: For the Relevant Period, Manitex's policy or practice for creating and

7

maintaining information concerning employee salary, offer letters, amendment of offer letters, bonus payments and reimbursement of expenses in employee human resources file." Id.; see also Doc. #71 at 3 (defendant's proposed topic 3). The Court will permit plaintiff's proposed topic 8, but limited to the time period agreed to by the parties.

Plaintiff's proposed topic 9 seeks the designation of a witness to testify regarding: "All terms and conditions of the employment of Parimal with Defendant, including but not limited to, compensation, scope of duties, responsibilities and services, whether written or oral, from 2/1/2018 to the present." Docs. #70-1 at 3, #71-1 at 2. Defendant modifies and "agrees to this topic as follows: The compensation to which Plaintiff was entitled in his role as Executive Vice President; Plaintiff's expected and denominated duties and responsibilities while employed as Executive Vice President at Manitex." Docs. #70-1 at 3, #71-1 at 2; see also Doc. #71 at 3 (defendant's proposed topic 4). Reasonable particularity "means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated." Winfield, 2018 WL 840085, at *5. Plaintiff's proposed topic 9 runs afoul of this rule. Accordingly, the Court modifies plaintiff's proposed topic 9 as follows: For the Relevant Period, all terms and conditions of the employment of Parimal with Defendant, whether written or

8

oral, including Parimal's compensation, scope of duties, responsibilities and services.

Plaintiff's proposed topic 10 seeks the designation of a witness to testify regarding: "Defendant's efforts with regarding to searching, reviewing and/or assembling materials of Manitex's Board of Directors relating to the terms, conditions and circumstances of Parimal's employment." Docs. #70-1 at 3 (sic), #71-1 at 2 (sic). Defendant "objects to this topic as it is not relevant to the claims in this proceeding. The Board and Compensation Committee meeting minutes for the Relevant Period were reviewed and responsive minutes were produced." Docs. #70-1 at 3-4, #71-1 at 2-3. The Court SUSTAINS defendant's objection that the information sought is not relevant to the claims in this matter. Again, plaintiff attempts to conduct "discovery on discovery," which is not warranted on the current record.

Last, plaintiff's proposed topic 11 seeks the designation of a witness to testify regarding: "Defendant's review, identification and designation of materials as privileged." Docs. #70-1 at 4, #71-1 at 3. Defendant "objects to this topic as it is not relevant to the claims in this proceeding. As counsel is aware, Defendant's counsel reviewed documents for privilege. The Magistrate [Judge] ruled that briefing is to be conducted on the privilege issues." Id. The Court SUSTAINS defendant's objection on the grounds of relevance.

Accordingly, plaintiff shall re-notice the 30(b)(6) deposition of defendant with the following topics for examination:

1. For the "Relevant Period," defined as January 1, 2018, which is approximately eight months before Parimal was hired as an Executive Vice President at Manitex and one month before Parimal was hired as a consultant for Manitex, through the present, Manitex email retention policies for emails that are maintained on Manitex servers or Manitex computers; Manitex policies, if any, for retention of hard copy documents by individual employees; Manitex retention policies for documents stored on Manitex servers and shared drives; and Manitex policies, if any, for synchronizing email on its servers with email on handheld devices, such as Manitex owned cellular phones and tablets.

2. For the Relevant Period, the distribution and enforcement of any document retention policies identified in response to topic 1, pertaining to Parimal in any way.

3. For the Relevant Period, Manitex's policies, written or oral, related to the reimbursement of employee expenses or bonus compensation for Manitex employees.

4. For the Relevant Period, the policies and practices of Defendant, whether written or oral, as they pertain to the creation, maintenance, organization, or contents of an employee's human resources file.

5. All terms and conditions of the employment of Parimal with Defendant, whether written or oral, including Parimal's compensation, scope of duties, responsibilities and services.

As previously ordered, plaintiff shall complete defendant's re-noticed 30(b)(6) deposition between **December 14, 2020, and December 23, 2020**. See Doc. #65 at 5. The parties are again reminded that multiple 30(b)(6) witnesses may be designated, if necessary.

10

SO ORDERED at New Haven, Connecticut, this 13th day of November 2020.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
