```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------x
                              :
PARIMAL                       :   Civ. No. 3:19CV01910(MPS)
                              :
v.                            :
                              :
MANITEX INTERNATIONAL, INC.   :   May 18, 2021
                              :
------------------------------x
```

### RULING ON MOTION REQUESTING ISSUANCE OF LETTER OF REQUEST [Doc. #105]

Pending before the Court is a motion by plaintiff Parimal (hereinafter "plaintiff" or "Parimal") seeking the issuance of a letter of request pursuant to Federal Rule of Civil Procedure 28(b) and the Hague Convention on the Taking of Evidence Abroad in Civil Matters (hereinafter the "Hague Convention"). [Doc. #105]. Defendant Manitex International, Inc. (hereinafter "defendant" or "Manitex") has filed an opposition to plaintiff's motion [Doc. #111], to which plaintiff has filed a reply [Doc. #113]. For the reasons stated below, Parimal's Motion Requesting Issuance of Letter of Request [**Doc. #105**] is **GRANTED, to the extent plaintiff seeks the deposition testimony of the two current PM Group employees located in Italy, and DENIED without prejudice to re-filing, as to the two former PM Group employees who are also located in Italy.**

1

I.  **Background**

Parimal brings this action against his former employer Manitex, alleging that Manitex failed to fulfill certain contractual commitments related to the terms of his employment. See generally Doc. #23. Parimal proceeds pursuant to an Amended Complaint, and asserts the following claims: (1) breach of contract; (2) promissory estoppel; (3) breach of the implied covenant of good faith and fair dealing; (4) fraudulent misrepresentation; (5) negligent misrepresentation; and (6) wrongful termination. See generally id.[1]

On April 8, 2021, following the partial denial of its motion to dismiss, see Doc. #102, Manitex filed an Answer and Affirmative Defenses to Parimal's Amended Complaint. [Doc. #104]. Manitex also filed a Counterclaim asserting claims for: (1) breach of contract; (2) breach of duties and obligations; (3) violation of the Texas Theft Liability Act; and (4) conversion. See generally Doc. #104.[2]

---

[1] Judge Michael P. Shea dismissed count seven of the Amended Complaint, which asserted a claim pursuant to the Connecticut Unfair Trade Practices Act. See Doc. #102.

[2] The factual allegations of the Amended Complaint and the Counterclaim bear directly on whether the Court will permit the issuance of the letter of request. The Court discusses those allegations in further detail below.

Discovery in this matter has been robust and somewhat contentious. The current dispute relates to Parimal's efforts to depose the following non-parties, each of whom is located in Italy: Roberto Chiesa, Finance Director of PM Group[3]; Giovanni Tacconi, Sales Director of PM Group; Luigi Fucili, former Chief Financial Officer of PM Group; and Gianluca Laghetti, former Chief Executive Officer of PM Group (hereinafter collectively referred to as the "Italy witnesses"). See generally Doc. #106-1; see also Doc. #113 at 1. Parimal now "moves the Court to issue a Letter of Request ... directing the Italian judicial branch to order and conduct depositions under the procedural rules as described" in the proposed letter of request. Doc. #105 at 1.

Manitex opposes Parimal's motion and asserts that the proposed depositions are: "(1) not proportionate to the needs of the case; (2) unduly burdensome[;] (3) duplicative of discovery available through party depositions; and (4) done solely to delay the adjudication of this matter and to harm and harass defendant[] ... and the current and former employees of its

---

[3] PM Group is a subsidiary of Manitex located in Italy. See Doc. #25-2 at 2. Manitex's employment offer to plaintiff stated that Parimal's "initial duties will involve the supervision of the operations our PM subsidiary in Italy and its integration with Manitex[.]" Id. (sic).

3

Italian affiliate." Doc. #111 at 1. On April 23, 2021, Parimal filed a reply to Manitex's opposition. [Doc. #113].

## II. Applicable Law

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, a deposition "may be taken in a foreign country: ... under a letter of request, whether or not captioned a 'letter rogatory[.]'" Fed R. Civ. P 28(b)(1)(B). A court "may" issue a letter of request "on appropriate terms after an application and notice of it; and without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2)(A)-(B).[4]

"When determining whether to issue letters rogatory, courts apply the principles of Rule 26." Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 120 (S.D.N.Y. 2019), on reconsideration in

---

[4] Parimal misquotes Rule 28(b)(2) as stating: "A letter of request shall be issued upon on application and notice and on terms that are just and appropriate." Doc. #106 at 2 (sic) (emphasis added); see also id. at 3. Plaintiff appears to be citing an outdated version of Rule 28, which was amended in 2007. The current version does not contain that language. Rather, Rule 28 vests the court with discretion as to whether to issue a letter of request. See Fed. R. Civ. P. 28(b)(2)(A); see also United States v. Al Fawwaz, No. 98CR01023(JAK) 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) ("It is well settled that the decision of whether to issue letters rogatory lies within a district court's sound discretion." (footnote omitted)); Goldberg v. Dufour, No. 2:17CV00061(CR), 2020 WL 373206, at *3 (D. Vt. Jan. 23, 2020) (same). Indeed, even before the 2007 amendments to Rule 28, "[t]he issuance of a letter rogatory [was] within the Court's discretion[,]" and not automatic. Szollosy v. Hyatt Corp., No. 3:99CV00870(CFD), 2005 WL 3116095, at *2 (D. Conn. Nov. 15, 2005).

4

part, No. 13CV07060(CM)(KHP), 2019 WL 5287931 (Sept. 20, 2019); see also Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012) ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26.").[5] "Though the Federal Rules of Civil Procedure are controlling, courts should be mindful of the possible burden placed on [a] foreign judiciary by the issuance of letters rogatory under the Hague Convention." Pearlstein, 332 F.R.D. at 120.[6]

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (citation and

---

[5] "'Letters of request' are synonymous with 'letters rogatory.'" Pearlstein, 332 F.R.D. at 120 n.1.

[6] The parties do not dispute that the procedures set forth in the Hague Convention apply to the evidence sought by Parimal.

quotation marks omitted), as amended (June 15, 2016). That burden, however, "is not heavy." Pearlstein, 332 F.R.D. at 120. Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

Following this general framework, courts will "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." Image Processing Techs., LLC v. Canon, Inc., No. 10CV03867(SJF)(ETB), 2011 WL 13312041, at *1 (E.D.N.Y. Sept. 13, 2011) (citation and quotation marks omitted). Once the movant makes that showing, "[i]t is generally the burden of the party opposing issuance to show good reason that the letter rogatory should not issue." Id.

### III. Discussion

Parimal asserts that because his duties included "the supervision of the operations of Manitex' PM subsidiary in Italy and its integration with Manitex[,] ... there are numerous individuals affiliated with the PM subsidiary in Italy with information relevant to Plaintiff's claims." Doc. #106 at 2 (sic). Specifically, Parimal asserts that certain "individuals were parties to the conversations which resulted in [his]

wrongful termination." Id. Accordingly, Parimal contends that "the depositions of the individuals designated are necessary for full discovery of the facts constituting the basis of the claims in this matter." Id. at 4.

Manitex responds, in pertinent part, that Parimal has failed to provide any detailed information explaining how the testimony of the Italy witnesses are necessary or relevant. See Doc. #111 at 3. Manitex asserts that the Court should not issue the letter of request for several reasons, including that Parimal has failed to meet his burden of showing how the evidence sought is material or may lead to the discovery of material evidence. See id. at 6-7. Manitex also contends that the issuance of the letter will impose "significant and unnecessary expense and burden" on it, the foreign court, and the Italy witnesses. See id. at 5-6; see also id. at 9.

In reply, Parimal asserts that Manitex has failed to "present[] a credible case" that he has not met his burden. Doc. #113 at 2. Parimal asserts that Manitex's opposition "distort[s] ... the facts and procedural history[]" and fails to make any "substantive reference to its counterclaim[.]" Id. at 1-2 (emphasis removed).

    A.    Parimal's Burden

Parimal seeks the testimony of two current and two former PM Group executives regarding "communications in which the

7

deponent may have been a party to with regards to Parimal's employment as well as Parimal's supervision and operations of Manitex' PM subsidiary in Italy." Doc. #106-1 at 4 (sic). The Court first considers whether the information sought is: (1) relevant to the claims at issue in this matter; and (2) material or may lead to material evidence.

Rule 26(b)(1) "is liberally construed and is necessarily broad in scope." New Falls Corp. v. Soni, No. 16CV06805(ADS)(AKT), 2020 WL 2836787, at *1 (E.D.N.Y. May 29, 2020) (citation and quotation marks omitted); see also Pearlstein, 332 F.R.D. at 120 (Relevance "is an extremely broad concept." (citation and quotation marks omitted)). "To fall within the scope of permissible discovery, information must be relevant to any party's claim or defense. In order to be relevant for Civil Rule 26 discovery purposes, information and evidentiary material must be relevant as defined in Rule of Evidence 401." Durant v. Target Stores, Inc., No. 3:15CV01183(JBA), 2017 WL 4163661, at *3 (D. Conn. Sept. 20, 2017) (citation and quotation marks omitted). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed R. Evid. 401. "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." New Falls

Corp., 2020 WL 2836787, at *2 (citation and quotation marks omitted).

The allegations of the pleadings necessarily inform the Court's relevance inquiry. In pertinent part, Parimal alleges that he was "actively recruited ... to join Manitex as an executive vice president with primary responsibility for Manitex's Italian business." Doc. #23 at 1, ¶2. Parimal alleges that during his employment, he "became aware of historical questionable revenue recognition practices in Italy of 'bill and hold' above and beyond that permissible by GAAP and immediately brought this to the attention of Langevin and the CFO." Id. at 9-10, ¶32. Parimal alleges that because "he resisted the efforts of the President of Manitex to alter the local books of Manitex's Italian subsidiary after the books had closed," his employment was terminated in retaliation. Id. at 14, ¶¶34-36.

The factual allegations in Manitex's counterclaim refer in large part to plaintiff's role with the PM Group:

> Although Parimal was supposed to be working to support the integration of the PM Group in Italy with Manitex in the United States and foster the relationship with Tadano Limited ("Tadano") by promoting operating efficiencies and synergies between Tadano and Manitex, Parimal not only failed to meet his responsibilities but actively worked against them. Parimal secretly focused his time and energy on working for a third-party bidder in a transaction that was directly adverse to Tadano, one of Manitex's largest investors and a very important relationship to Manitex's success.

9

Doc. #104 at 9-10, ¶5; see also id. at 14-15, ¶¶34-41. In pertinent part, Manitex alleges that during Parimal's employment, he "spent some of his time in Italy, in the offices of PM Group, to work on one of the key objective of his employment – integration of the PM Group with Manitex's United States offices." Id. at 14, ¶33 (sic). Manitex alleges that Parimal failed to meet that employment objective and actively worked against the interests of Manitex. See id. at 9, ¶5; 15-16, ¶41-42; see also id. at 19, ¶¶69-70.

Rule 26 is "obviously broad" and to be "liberally construed." Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Under this standard, the information sought by the letter of request, as further articulated by Parimal in his reply, is relevant to the claims asserted in the Amended Complaint and the Counterclaim. The Italy witnesses, each of whom are or were executives of the PM Group, may have direct knowledge of the events leading to Parimal's alleged wrongful termination. Each of these witnesses may also have direct knowledge of Parimal's efforts (or lack thereof) while in Italy to integrate the PM Group with defendant's United States offices and/or his alleged interference in the relationship between Tadano and Manitex. It is reasonable to infer that this information is material, because it appears that the Italy witnesses may have the only

10

<u>direct</u> knowledge of what occurred while Parimal was physically working in Italy. Indeed, the Counterclaim has placed Parimal's time while in Italy squarely at issue in this case. <u>See, e.g.</u>, Doc. #104 at 14-15, ¶¶33-41. The Counterclaim's allegations largely support a finding that the evidence sought in the letter of request is both relevant and material to the parties' claims.

Accordingly, Parimal has made a reasonable showing that the evidence sought in the letter of request is (1) relevant to the parties' claims, and (2) material or may lead to the discovery of material evidence. The Court next considers whether Manitex has established good reason for the Court to not issue the letter of request.

B.   <u>Manitex's Burden</u>

Manitex contends that the Court should not issue the letter of request because the evidence sought is: (1) not proportional to the needs of the case; (2) unduly burdensome; (3) duplicative of discovery available through party depositions; and (4) solely for the purposes of delay and harassment. <u>See</u> Doc. #111 at 1. The Court addresses these arguments in turn.

*1.   Proportionality*

Manitex asserts that the information sought is not proportional to the needs of the case because it is otherwise available through party depositions. <u>See</u> Doc. #111 at 6.

11

"[T]he current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'" O'Garra v. Northwell Health, No. 16CV02191(DRH)(AYS), 2018 WL 502656, at *2 (E.D.N.Y. Jan. 22, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). "Proportionality, which focuses on the marginal utility of the discovery sought, goes hand-in-hand with relevance, such that the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." New Falls Corp., 2020 WL 2836787, at *2 (citation and quotation marks omitted).

Although the Court has found that the evidence sought is relevant, "even relevant information must be reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." Id. at *2 (citation and quotation marks omitted). On the current record, the Court finds that two foreign depositions are proportional to the needs of the case. This is not a terribly complex matter, and the time period concerned is relatively brief. Given the claims asserted in Manitex's Counterclaim which largely focus on Parimal's role at the Italy subsidiary PM Group, he should be permitted to depose some witnesses with direct knowledge of his activities while he was stationed in Italy. However, it is

12

unclear why Parimal would need depose each of the four Italy witnesses or how the testimony of one Italy witness would not duplicate the testimony of the other's. Considering the parties' resources, that factor does not weigh heavily against a finding of proportionality -- the parties have expended significant resources already in discovery. Nevertheless, the Court is concerned that any potential recovery in this matter is being consumed by litigation fees and costs. Accordingly, based on the current record and the fairly straightforward nature of the case, deposing two of the Italy witnesses is proportional to the needs of this case.

### 2. Burden and Duplicity

Manitex next asserts that the foreign depositions will "impose significant and unnecessary expense and burden" on the Italy witnesses and court. Doc. #111 at 6. Manitex also asserts that the burden of these depositions is "disproportionate and significant" given the number of depositions that have already been noticed and the duplicative nature of the proposed depositions. See id.[7]

---

[7] Manitex focuses on how the Italian witnesses' testimony may be cumulative of depositions already planned. See Doc. #111 at 6. Manitex does not focus on the question of why four depositions from the Italy witnesses are necessary or how each one's testimony is expected to differ from the other's. This, however, is one of the Court's primary concerns given the needs of the case and what has been significant resources expended on discovery to date.

13

Manitex's arguments on this point are largely conclusory. As to the Italian court and Italy witnesses, it is unclear how the letter of request poses "significant ... expense and burden[,]" id., given that the letter of request seeks a circumscribed range of testimony from just four individuals, see generally Doc. #106-1.[8] "[T]he party resisting discovery must demonstrate the extent of the burden with some specificity." Lineen v. Metcalf & Eddy, Inc., No. 96CV02718(HB)(MHD), 1997 WL 73763, at *7 (S.D.N.Y. Feb. 21, 1997). "Certainly the obligation for sitting for a deposition is not, in and of itself, burdensome." Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transportation, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016). Manitex has failed to meet its burden of establishing how the Italian court or Italy witnesses would be unduly burdened by issuing the letter of request. See, e.g., In re Weatherford Int'l Sec. Litig., No. 11CV01646(LAK)(JCF), 2013 WL 2355451, at *4 (S.D.N.Y. May 28, 2013) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to

---

[8] Manitex appears to assert that issuing the letter of request "in the middle of a global pandemic" will unduly burden the Italian court. See Doc. #111 at 6. Many courts across the country and the world have been affected by the realities of the COVID-19 pandemic, but those courts have developed alternative means of functioning to ensure the efficient administration of justice. Manitex offers no specific information as to the current operations of the Italian court. Accordingly, the Court is unable to meaningfully consider that aspect of Manitex's argument.

14

exclude discovery of requested information." (citation and quotation marks omitted)).

Manitex also contends that it will face a "similarly disproportionate and significant[]" burden should the Court issue the letter of request. Doc. #111 at 6. Manitex asserts that deposing the Italy witnesses on topics that have already been noticed for other witnesses would be duplicative and unduly burdensome. See id. The Court disagrees, particularly in light of what is likely to be the Italy witnesses' direct knowledge of what occurred in Italy. Manitex asserts that if it "is required to travel to Italy, the expense of such travel cannot be justified based on the showing made by Plaintiff thus far." Id. This conclusory statement fails to satisfy Manitex's burden; Manitex provides no competent evidence as to the expense it would incur should it be required to travel to Italy for the depositions of the Italy witnesses. See Taylor Precision Prod., Inc. v. Larimer Grp., Inc., No. 15CV04428(ALC)(KNF), 2017 WL 10221320, at *5 (S.D.N.Y. Feb. 27, 2017) ("Other than making the conclusory statement that 'it would also be unduly burdensome and disproportionally expensive for Centre to now have to locate and produce any additional lender communications requested in the Subpoena, ... Centre failed to demonstrate with any specificity that the defendants' ... subpoena is overly broad and unduly burdensome."); Lineen, 1997 WL 73763, at *7 ("Since

defendant must demonstrate the extent of the burden and do so with competent evidence, on the current record we find no basis for rejecting plaintiff's discovery requests on this ground.").

Accordingly, Manitex has generally failed to establish how the evidence sought in the letter of request is unduly burdensome or duplicative.

    *3. Delay and Harassment*

Manitex next asserts: "Plaintiff's attempt to obtain discovery appears more focused on placing undue burden and expense on Manitex, its affiliate, and" the Italy witnesses. Doc. #111 at 8. To that end, Manitex contends that permitting the depositions of the Italy witnesses "who were not present, nor alleged to be present, when the decision was made to terminate Plaintiff serves no purpose." Id. This statement entirely ignores the previously recounted allegations of the Counterclaim. Furthermore, the Italy witnesses may have direct knowledge of information that is relevant to Parimal's wrongful termination claim, including his claim that Manitex was engaging in questionable accounting practices related to its Italian subsidiary, the PM Group.

Manitex also asserts that "there is virtually no chance that Plaintiff can conduct the foreign depositions it seeks before" the close of fact discovery on June 30, 2021. Doc. #111 at 8. Parimal responds that Manitex's concerns about delay

"cannot be used as the pretext for denying material discovery in this case." Doc. #113 at 9. Manitex's concerns about delay ring hollow. Manitex elected to file two motions to dismiss. See Docs. #14, #25. The majority of Manitex's motion to dismiss the Amended Complaint was denied. See Doc. #102. During the pendency of its motion to dismiss, discovery on Parimal's wrongful termination claim was stayed, apparently at the request of Manitex. See Doc. #17 at 1. If Manitex valued a speedy resolution of this matter, it could have proceeded in an alternative and more expeditious manner. Regardless, it is ultimately Parimal who initiated this litigation. Manitex's counterclaims were filed only a few weeks ago. See Doc. #114. The primary impact of additional delay is on Parimal, and at this time, the effects of any delay occasioned by these depositions on Manitex, and on the interests of justice, does not outweigh Parimal's right to the discovery.

Finally, there is nothing in the record to support a finding that Parimal seeks the testimony of the Italy witnesses "solely" for the purpose of delay or harassment. Doc. #111 at 1. The Court declines to further consider that undeveloped argument.

Based on the foregoing, the Court is prepared to issue the letter of request as to the two current employees of PM Group, Roberto Chiesa and Giovanni Tacconi. On the current record, the

17

taking of two foreign depositions is proportional to the needs of this case, and by limiting the number of foreign depositions to two, the Court reduces the likelihood of unreasonably cumulative or duplicative deposition testimony.

Manitex represents that it will produce the two current employees of PM Group for deposition "should the Court so order[.]" Doc. #119 at 2 n.1; see also Doc. #111 at 3 n.4. Accordingly, based on this representation, the Court will not issue the letter of request for Mr. Chiesa and Mr. Tacconi. Rather, the Court hereby **ORDERS** Manitex to produce Mr. Chiesa and Mr. Tacconi for remote depositions on a time and date mutually agreeable to counsel and the respective witness. The voluntary production of these witnesses for remote depositions should alleviate some of Manitex's concerns with respect to burden, expense, and delay.

At this time, the Court declines to issue the letter of request as to the two former PM Group employees. The Court is mindful of the principle of proportionality. If after Parimal takes the depositions of Mr. Chiesa and Mr. Tacconi he can make a showing that additional foreign deposition discovery is necessary, and that such discovery is proportional to the needs of the case, then Parimal may re-file his motion seeking the issuance of the letter of request as to the former PM Group employee witnesses.

**IV.  Conclusion**

For the reasons stated, plaintiff's Motion Requesting Issuance of Letter of Request [**Doc. #105**] is **GRANTED, to the extent plaintiff seeks the deposition testimony of the two current PM Group employees located in Italy, and DENIED without prejudice to re-filing, as to the two former PM Group employees who are also located in Italy.**

SO ORDERED at New Haven, Connecticut, this 18th day of May, 2021.

_____/s/_____  
HON. SARAH A. L. MERRIAM  
UNITED STATES MAGISTRATE JUDGE
