UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
PARIMAL                       :   Civ. No. 3:19CV01910(MPS)
                              :
v.                            :
                              :
MANITEX INTERNATIONAL, INC.   :   May 18, 2021
                              :
------------------------------x
```

**RULING ON MOTION FOR LEAVE TO CONDUCT
MORE THAN 10 DEPOSITIONS [Doc. #115]**

Pending before the Court is a motion by plaintiff Parimal (hereinafter "plaintiff" or "Parimal") seeking permission to conduct more than ten (10) depositions in this case. [Doc. #115]. Defendant Manitex International, Inc. (hereinafter "defendant" or "Manitex") has filed an opposition to plaintiff's motion [Doc. #119]. For the reasons stated below, Parimal's Motion for Leave to Conduct More than 10 Depositions [**Doc. #115**] is **DENIED, without prejudice**.

I.  **Background**

Parimal brings this action against his former employer Manitex, alleging that Manitex failed to fulfill certain contractual commitments related to the terms of his employment. See generally Doc. #23. Parimal proceeds pursuant to an Amended Complaint, and asserts the following claims: (1) breach of contract; (2) promissory estoppel; (3) breach of the implied covenant of good faith and fair dealing; (4) fraudulent

1

misrepresentation; (5) negligent misrepresentation; and (6) wrongful termination. See generally id.[1]

On April 8, 2021, following the partial denial of its motion to dismiss, see Doc. #102, Manitex filed an Answer and Affirmative Defenses to Parimal's Amended Complaint. [Doc. #104]. Manitex also filed a Counterclaim asserting claims for: (1) breach of contract; (2) breach of duties and obligations; (3) violation of the Texas Theft Liability Act; and (4) conversion. See generally Doc. #104.

On April 29, 2021, plaintiff filed a motion seeking permission to conduct more than the ten depositions permitted by the Federal Rules of Civil Procedure. See generally Doc. #115. On May 3, 2021, the undersigned took plaintiff's motion under advisement "pending a notice filed by plaintiff that describes the meet and confer efforts undertaken by the parties to resolve or narrow this dispute." Doc. #116. The next day, plaintiff filed a notice stating that "despite good faith efforts, Defendant does not consent to Plaintiff's requested relief, nor have the parties stipulated to either side conducting more than 10 depositions in this case." Doc. #117 at 1. On May 5, 2021, counsel jointly contacted chambers inquiring whether the Court

---

[1] Judge Michael P. Shea dismissed count seven of the Amended Complaint, which asserted a claim pursuant to the Connecticut Unfair Trade Practices Act. See Doc. #102.

would require a response to defendant's pending motion. See Doc. #118. The Court entered an order on May 6, 2021, stating that if defendant wished to file a written response to plaintiff's motion, then any response was to be filed by May 10, 2021. See id. Defendant filed its opposition on May 10, 2021. [Doc. #119]. Defendant contends that: (1) the depositions sought are not proportional to the needs of the case; (2) plaintiff's motion is premature; and (3) the depositions sought are duplicative. See generally id.

## II. Applicable Law

Absent leave of court, Rule 30 of the Federal Rules of Civil Procedure presumptively limits the number of depositions to ten per side. See Fed. R. Civ. P. 30(a)(2)(A)(i); accord Hertz Corp. v. Accenture LLP, No. 1:19CV03508(WHP)(SDA), 2020 WL 1150053, at *2 (S.D.N.Y. Mar. 9, 2020); Gen. Elec. Co. v. Indem. Ins. Co. of N. Am., No. 3:06CV00232(CFD), 2006 WL 1525970, at *1-2 (D. Conn. May 25, 2006). "The purpose of that rule is to enable courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of wide-ranging discovery[.]" RxUSA Wholesale, Inc. v. McKesson Corp., No. 06CV04343(DRH)(AKT), 2007 WL 1827335, at *2 (E.D.N.Y. June 25, 2007) (citation and quotation marks omitted). "A court may, however, increase the number of depositions when it is consistent with the principles of Rule 26." Nat'l Union Fire Ins.

Co. of Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc., No. 02CV01334(SAS), 2002 WL 1822738, at *2 (S.D.N.Y. Aug. 8, 2002); see also Fed. R. Civ. P. 30(a)(2).

"Rule 30(a)(2) provides that the Court 'must grant leave to the extent consistent with Rule 26(b)(1) and (2)' and courts have looked to Rule 26(b)(2) as setting forth the principles guiding the Court's discretion." United States Sec. & Exch. Comm'n v. Ahmed, No. 3:15CV00675(JBA), 2018 WL 1541902, at *1 (D. Conn. Mar. 29, 2018) (quoting Fed. R. Civ. P. 30(a)(2)). Rule 26(b)(1) sets forth the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2), however, requires that a court must limit the extent of discovery otherwise allowed if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(iii).

III. **Discussion**

On the current record, and particularly because plaintiff has not yet exhausted his presumptive limit of ten depositions, the Court denies plaintiff's request to take thirteen depositions. At present, the Court cannot ascertain whether the testimony sought from certain witnesses would be unreasonably cumulative or duplicative. See, e.g., Gen. Elec. Co., 2006 WL 1525970, at *2 ("[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)[.]").

As noted by defendant, plaintiff seeks the depositions of Ingo Schiller and Tadashi Suzuki, both of Tadano Corporation. See Doc. #115 at 2; see also Doc. #119 at 4. Plaintiff makes no specific claim as to the nature of the testimony sought from these individuals (other than "information directly relevant to Manitex's claims"), or how each one's testimony is expected to differ from the other's. Doc. #115 at 5. Similarly, plaintiff seeks to depose two current and two former employees of the PM Group. See id.; see also Doc. #105. Plaintiff fails to explain how the testimony of all four of these individuals is proper, and would not be unreasonably cumulative or duplicative.[2] "The

---

[2] For largely this same reason, the Court has granted, in part, and denied, in part, plaintiff's motion seeking the issuance of

5

mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." Hertz Corp., 2020 WL 1150053, at *2 (quoting Raba v. Suozzi, No. 06CV01109(DRH)(AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006)).

Here, given the needs of the case and the significant resources already expended in discovery to date, "avoiding cumulative discovery militates in favor of denying [plaintiff's] motion at this time." Hertz Corp., 2020 WL 1150053, at *2 (citation and quotation marks omitted). This is not a terribly complex matter. The time period concerned is relatively brief. The Court is mindful of the principle of proportionality. If after plaintiff has taken the ten depositions presumed by the Rules to be sufficient he can "show good cause that there is non-cumulative deposition discovery that [he] still needs, and that such discovery is proportional to the needs of the case, [plaintiff] may seek leave to take one or more additional depositions." Hertz Corp., 2020 WL 1150053, at *2 (footnote omitted).

Nevertheless, plaintiff should be mindful that discovery closes on June 30, 2021. See Doc. #110. Accordingly, if plaintiff anticipates filing a renewed motion seeking leave to

---

a letter of request for the deposition of these proposed witnesses. See generally Doc. #120.

take an additional three depositions, plaintiff should notice his remaining depositions forthwith.

**IV.  Conclusion**

For the reasons stated, Parimal's Motion for leave to Conduct More than 10 Depositions [**Doc. #115**] is **DENIED, without prejudice.**

SO ORDERED at New Haven, Connecticut, this 18th day of May, 2021.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
