**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PARIMAL, | |
|     Plaintiff, | No. 3:19-cv-1910 (MPS) |
|     v. | |
| MANITEX INTERNATIONAL, INC., | |
|     Defendant. | |

**RULING ON OBJECTION TO ORDER ON DISCOVERY CROSS MOTIONS**

The plaintiff has filed an objection to Magistrate Judge Merriam's ruling on discovery cross motions (ECF No. 90). Rulings by magistrate judges on discovery matters may be reconsidered only where it is shown that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C.§ 636(b)(1)(A); *See also* Fed. R. Civ. P. 72(a). Because the plaintiff failed to show that the Magistrate Judge's ruling is clearly erroneous or contrary to law, the plaintiff's objection (ECF No. 95) is OVERRULED.

The first ground for Judge Merriam's ruling, which is that Rosenberg is a member of the bar of New York and that his potential violation of New York Bar rules concerning retired attorneys is a matter for the New York Bar, is not clearly erroneous. Indeed, the plaintiff fails to show why the New York Bar rules governing the activities of a retired attorney who is in fact giving legal advice are even relevant to a determination of whether the attorney-client privilege applies to communications between the retired attorney and another person.  (Judge Merriam's ruling indicates that she will determine whether Rosenberg was in fact giving legal advice, as opposed to business advice, after conducing in camera review.) Second, with respect to Judge Merriam's alternative ground, the plaintiff does not contest that Connecticut and Illinois law both

permit a finding of the existence of an attorney-client relationship when the client reasonably

believes that there is such a relationship.[1] The plaintiff's challenge is rather to whether the facts

relied on by Judge Merriam are adequate to support a finding of reasonable belief. I do not find

the conclusion that they are is clearly erroneous, after reviewing the deposition testimony cited in

her ruling.


                                        IT IS SO ORDERED.


                                        _____/s/_____
                                        Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                July 23, 2021

---

[1] Judge Merriam cited a case from the Northern District of Illinois that appears to have relied on federal common law for the proposition that under Illinois law, a client's reasonable belief that it has an attorney-client relationship is sufficient to create such a relationship. ECF No. 90 at 22-23. It is not entirely clear that Illinois state courts have adopted this position, although I found at least two decisions of the intermediate appellate court in Illinois that cite favorably federal common law on this issue. *See Herbes v. Graham*, 180 Ill. App. 3d 692, 699 (Ill. App. Ct. 1989); *Kuziel v. Kuziel*, 2013 Il. App. (1st) 122612-U, at *4 (Ill. App. Ct. Mar. 29, 2013).