**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
PARIMAL                       :    Civ. No. 3:19CV01910(MPS)
                              :
v.                            :
                              :
MANITEX INTERNATIONAL, INC.   :    August 2, 2021
                              :
------------------------------x
```

## RULING ON IN CAMERA REVIEW

On October 8, 2020, Judge Michael P. Shea referred a discovery dispute in this matter to the undersigned. [Doc. #42]. On October 30, 2020, the undersigned held a telephonic discovery conference. See Docs. #65, #66. During that conference, plaintiff Parimal (hereinafter "Parimal" or "plaintiff") moved to compel the production of certain purportedly privileged information. [Doc. #63]. Defendant Manitex International, Inc. (hereinafter "Manitex" or "defendant") moved for a protective order from producing such information. [Doc. #64]. In compliance with the undersigned's orders issued during that conference, the parties filed opening cross-briefs addressing the discovery dispute on November 20, 2020, see Docs. #73, #74, and responsive cross-briefs on December 4, 2020, see Docs. #75, #76.

On February 3, 2021, the undersigned issued a Ruling taking under advisement, in part, and denying in part, plaintiff's motion to compel, and taking under advisement in part, and

granting in part, defendant's motion for protective order. See generally Parimal v. Manitex Int'l, Inc., No. 3:19CV01910(MPS), Doc. #90 (hereinafter "Parimal I"), 2021 WL 363844 (D. Conn. Feb. 3, 2021).[1] The Court took the cross-motions under advisement pending an in camera review of certain documents withheld by defendant on grounds of the attorney-client privilege. See id. at *10-*11. The Court has now conducted an in camera review of the withheld documents. Based on that review, and for the reasons stated below, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's motion to compel [**Doc. #63**], and **GRANTS, in part, and DENIES, in part**, defendant's motion for protective order [**Doc. #64**].

I.   <u>**Background**</u>

The Court presumes familiarity with the factual and procedural background of this matter, which is set forth in the Court's prior discovery ruling. See Parimal I, 2021 WL 363844 at *1-*2.

---

[1] On February 17, 2021, Parimal filed an objection to the undersigned's February 3, 2021, discovery ruling. [Doc. #95]. On February 22, 2021, the undersigned entered an order stating that because of that objection, the Court would "defer its in camera review of defendant's withheld documents until Judge Michael P. Shea rules on the Objection." Doc. #97. On July 23, 2021, Judge Shea entered an Order overruling Parimal's objection to the February 3, 2021, discovery ruling. See generally Doc. #124.

Here, the Court further considers the question of whether defendant properly invoked the attorney-client privilege as to certain communications with Marvin Rosenberg, whom defendant describes as its "legal and business consultant and member of the Board of Directors of Manitex." Doc. #74 at 5-6.[2] Plaintiff contends that given Mr. Rosenberg's "competing roles[,]" defendant has improperly invoked the privilege as to documents that reflect business advice, rather than legal advice. Doc. #73 at 11; see also id. at 10-12; Doc. #75 at 6-7. Defendant, relying largely on its privilege logs, contends, inter alia, that the logs "make clear that [the withheld communications] were for the purpose of seeking or providing legal advice." Doc. #76 at 10.

## II. **Applicable Law**

For the reasons stated in the February 3, 2021, discovery ruling, the Court applies Illinois law to the instant privilege dispute. See generally Parimal I, 2021 WL 363844, at *6-*7.

For information to be entitled to the protection of the attorney-client privilege, "a party must show that the statement originated in a confidence that it would not be disclosed, was

---

[2] The Court previously determined that "Mr. Rosenberg's status as a retired attorney did not destroy the attorney-client privilege as to his communications with Manitex's principals, under" the circumstances described by the parties in their respective briefing. Parimal I, 2021 WL 363844, at *9.

made to an attorney acting in his legal capacity for the purpose
of securing legal advice or services, and remained
confidential." Equity Residential v. Kendall Risk Mgmt., Inc.,
246 F.R.D. 557, 563 (N.D. Ill. 2007) (applying Illinois law)
(citation and quotation marks omitted).[3] "The attorney-client
privilege only protects those communications which relate to the
giving or seeking of legal advice. Simply funneling
communications past an attorney will not make them privileged."
Id. (citations omitted).

"The attorney-client privilege of confidentiality does not
apply to documents discussing business advice instead of
legal advice." CNR Invs., Inc., 451 N.E.2d at 583. Nevertheless,
"[w]here legal advice of any kind is sought from a lawyer in his
or her capacity as a lawyer, the communications relating to that
purpose, made in confidence by the client, are protected from
disclosure by the client or lawyer, unless the protection is

---

[3] For corporate clients, "the privilege applies to those
employees within the 'control group' of the corporation. The
control group is defined as those top management persons who
have the responsibility of making final decisions[.]" CNR Invs.,
Inc. v. Jefferson Tr. & Sav. Bank of Peoria, 451 N.E.2d 580, 582
(Ill. App. Ct. 1983). Here, the communications occurred between
Mr. Rosenberg and members of defendant's control group,
including Mr. Langevin, defendant's then-CEO and Chairman of the
Board; Steve Kiefer, defendant's President and COO; Laura Yu,
defendant's former Chief Financial Officer; Paul Jarrell,
defendant's Controller; and Sherman Jung, defendant's Senior
Vice President of Financial Reporting. See Doc. #74 at 13.

waived." Ctr. Partners, Ltd. v. Growth Head GP, LLC, 981 N.E.2d 345, 355 (Ill. 2012).

Further informing the Court's in camera review is the stated purpose of the attorney-client privilege under Illinois law, which

> is to encourage and promote full and frank consultation between a client and legal advisor by removing the fear of compelled disclosure of information. Moreover, the attorney-client privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client.

Ctr. Partners, Ltd., 981 N.E.2d at 355–56 (citations and quotation marks omitted). Nevertheless, the Court remains mindful that Illinois "adhere[s] to a strong policy of encouraging disclosure, with an eye toward ascertaining that truth which is essential to the proper disposition of a lawsuit." Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co., 579 N.E.2d 322, 327 (Ill. 1991).

## III. **Discussion**

Plaintiff contends that defendant has inappropriately asserted the attorney-client privilege as to its communications with Mr. Rosenberg because "Mr. Rosenberg is a business, consultant rather than an attorney." Doc. #73 at 12 (sic). Plaintiff further asserts: "Conversations between executives about the company's business policies are not protected from disclosure on the basis of the privilege." Id. at 11-12.

5

Defendant does not contest that business advice is not protected by the privilege. See Doc. #74 at 15. Rather, defendant contends that the withheld documents are protected from disclosure because they are either communications "made in confidence for the purpose of obtaining or providing legal advice[,]" or "drafts of documents created by Mr. Rosenberg." Id. at 12, 13. Defendant represents that given Mr. Rosenberg's dual role, defense counsel reviewed documents with Mr. Rosenberg "to determine the nature of the advice sought and received before designating such a document as privileged[.]" Id. at 15. Finally, defendant contends that Mr. Rosenberg's drafts and notes have been properly designated as protected by the attorney-client privilege. See Doc. #76 at 12-14.

The Court has reviewed the documents submitted by defendant for an in camera review along with the parties' prior briefing. Below, the undersigned groups the challenged documents by category, indicating whether or not those documents are protected from disclosure by the attorney-client privilege, and why. It bears noting that in addition to the applicable law and evidence of record, the context of the emails is important. Plaintiff relies on Mr. Rosenberg's dual role to argue that the communications at issue seek business rather than legal advice and therefore are not protected by the privilege. See Doc. #73 at 11; see also id. at 10-12; Doc. #75 at 6-7. However, the

Court finds it significant that the emails at issue were not
directed to the entire board of directors, but rather, to Mr.
Rosenberg in particular, a member of the board who is a licensed
attorney and whom the control group members reasonably believed
to be acting as defendant's attorney. See Parimal I, 2021 WL
363844 at *9. Accordingly, the Court rules as follows:

The first category of documents reflects the request for,
or provision of, legal advice (outside the exchange of draft
documents). Accordingly, the following documents are protected
from disclosure by the attorney-client privilege: Rosenberg
Privilege Log S. Nos. 15, and 26; Manitex Privilege Log S. Nos.
1, 2, 3, 11, and 15.

The second category of documents relates to the drafting of
Parimal's employment offer letter and other documents related to
his employment. Each of these documents seeks legal advice with
respect to the drafting of those documents, provides legal
advice with respect to the drafting of those documents, or
otherwise indirectly reveals the substance of a confidential
attorney-client communication. See Trustmark Ins. Co. v. Gen. &
Cologne Life Re of Am., No. 00CV01926(AK), 2000 WL 1898518, at
*2 (N.D. Ill. Dec. 20, 2000) ("Thus, communications from the
attorney to the client should be privileged only if the
statements do in fact reveal, directly or indirectly, the
substance of a confidential communication by the client."

(citation and quotation marks omitted) (diversity case generally applying Illinois law)). Accordingly, the following documents are protected from disclosure by the attorney-client privilege: Rosenberg Privilege Log S. Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25; Manitex Privilege Log S. Nos. 5, 7, 8, 9, 13, 14, 17, 18, 19, 20, 21, 22, 24, 25, 26, 28, 29, 30, 31.[4]

The third category of documents does not seek or provide legal advice, and does not otherwise reveal legal confidences. Accordingly, the following documents are not protected from disclosure by the attorney-client privilege and shall be produced to Parimal: Rosenberg Privilege Log S. Nos. 7, 8, 13, and 14; Manitex Privilege Log S. Nos. 6, 12, 16, 27, 32.

---

[4] Federal law governing this issue further persuades the Court that the draft documents, and communications related to those documents, are protected by the attorney-client privilege. See, e.g., BankDirect Cap. Fin., LLC v. Cap. Premium Fin., Inc., 326 F.R.D. 176, 183 (N.D. Ill. 2018) ("[A]lmost all courts have concluded that the process of drafting and editing, reflecting as it often does both requests for and provision of, legal advice, is protected by the attorney-client privilege."); R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc., No. 99CV01174(CPK), 2001 WL 1286727, at *5 (N.D. Ill. Oct. 24, 2001) ("Drafting legal documents is a core activity of lawyers, and obtaining information and feedback from clients is a necessary part of the process. The attorney-client privilege protects the client's effort to obtain legal advice by identifying to the attorney the concerns that the client wants the contract language to address." (citation and quotation marks omitted)).

Defendant shall also produce Manitex Privilege Log S. Nos. 4 and 10, which require some further comment. First, with respect to S. No. 4, the redacted information does not seek legal advice or otherwise disclose legal confidences. Indeed, the majority of the redactions repeat a conversation between Mr. Langevin and Parimal; as such, the communication was not "made in confidence." See BMM N. Am., Inc. v. Ill. Gaming Bd., 2020 IL App (1st) 190710-U, ¶71, 2020 WL 1124325, at *16 (Jan. 23, 2020) ("[T]he e-mail is a summary of a meeting with a third party, meaning the very information listed in the e-mail was discussed with Buske and not confidential.").

Next, with respect to Manitex Privilege Log S. No. 10, the redacted portions of that email do not contain a request for, or the provision of, legal advice. Rather the email recites a computation of Parimal's expenses.

Finally, Rosenberg Privilege Log S. No. 23 and Manitex Privilege Log S. No. 23 each reflect the same email, which primarily restates the substance of a conversation between Mr. Langevin and Parimal. The majority of the email does not seek legal advice. See BMM N. Amer., 2020 WL 1124325, at *16. Accordingly, defendant shall produce a redacted version of this email. Defendant shall redact the first two sentences of the email following the greeting "Marvin:". The remainder of the email shall be produced to plaintiff without further redactions.

Defendants shall produce any documents as required by this Ruling on or before **Monday, August 9, 2021.**

**IV.  <u>Conclusion</u>**

For the reasons stated, and based on the above <u>in camera</u> review, the Court **GRANTS, in part, and DENIES, in part,** plaintiff's motion to compel [**Doc. #63**], and **GRANTS, in part, and DENIES, in part,** defendant's motion for protective order [**Doc. #64**].

SO ORDERED at New Haven, Connecticut, this 2nd day of August, 2021.

_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
